Russell J. Gould (SBN 313352)
russell.gould@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Gregory M. Starner (*pro hac vice forthcoming*)
gstarner@whitecase.com
Mariel Radek (*pro hac vice forthcoming*)
mariel.radek@whitecase.com
Aditi Padmanabhan (*pro hac vice forthcoming*)
aditi.padmanabhan@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

Michael J. Songer (SBN 175560)
michael.songer@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3647

Attorneys for Plaintiff
All Packaging Company LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALL PACKAGING COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>STIIIZY INC. (F.K.A. SHRYNE GROUP, INC.); STIIIZY IP LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-12527<br><br>**PLAINTIFF ALL PACKAGING COMPANY LLC'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff All Packaging Company LLC ("APC") files this Complaint for Patent Infringement against Defendants Stiiizy Inc. (f.k.a. Shryne Group, Inc.) ("Stiiizy Inc."), Stiiizy IP LLC ("Stiiizy IP"), and Does 1 through 10 ("Doe Defendants"), inclusive (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for the unlawful infringement of U.S. Patent No. 11,628,990 (the "Asserted Patent" or the "'990 Patent") entitled "Locking Packaging Container" under 35 U.S.C. § 271 brought by APC against Stiiizy Inc., Stiiizy IP, and Does 1 through 10.

## THE PARTIES

2. Plaintiff All Packaging Company LLC is a limited liability company organized under the laws of Delaware with its principal place of business located at 14806 E. 33rd Place, Aurora, Colorado. APC is a single-member LLC; its single member is non-party Mill Rock Packaging Inc., a Washington corporation with its principal place of business at 800 SW 27th Street, Renton, Washington.

3. APC is a manufacturer and distributor of packaging supplies that has been in business since 1935. APC designs and manufactures custom, child-resistant paperboard packaging, including packaging covered by the '990 Patent. APC designed and developed the child-resistant LeafLocker® line of packaging.

4. Defendant Stiiizy Inc. (f.k.a. Shryne Group, Inc.) is a corporation incorporated in Delaware with its principal place of business located at 2001 Alameda Street, Los Angeles, California. Shryne Group, Inc. was incorporated in California with its principal place of business at the same address. On information and belief, Shryne Group, Inc. was merged into Stiiizy Inc. in March 2023, with Stiiizy Inc. as the surviving entity.

5. Defendant Stiiizy IP LLC (f.k.a. STIIIZY, LLC) is a California limited liability company with its principal place of business located at 728 East Commercial Street, Los Angeles, California, which changed its name from STIIIZY, LLC to

Stiiizy IP LLC in March 2023. On information and belief, Stiiizy IP LLC is a wholly-owned subsidiary of, and is affiliated with, Stiiizy Inc.

6. Stiiizy Inc. and Stiiizy IP LLC (collectively, “Stiiizy” or the “Stiiizy Defendants”) sell cannabis and cannabis-related products. Stiiizy is one of the largest distributors of cannabis and cannabis-related products in California and nationwide. Stiiizy has purchased APC’s packaging products since in or about September 2018.

7. The true names and capacities of Defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to APC, which therefore sues these Defendants by such fictitious names. APC is informed and believes, and on that basis alleges, that each of the Doe Defendants is in some manner responsible for the acts and infringement alleged herein, including as a manufacturer, supplier, or distributor of the products that infringe the ‘990 Patent, including one or more entities from which the Stiiizy Defendants purchase or import products. APC will seek leave to amend this Complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

8. For example, it is publicly known that Stiiizy, through a related corporate entity known as J Source, has imported paper packaging boxes (made of paperboard) into the United States from Shanghai Bingxiaodun Industrial Co. as recently as August 13, 2026. It is also publicly known that Stiiizy, through a related corporate entity known as J Source, has used other suppliers to import paper packaging boxes. The Stiiizy Defendants know the identities of their paper packaging box suppliers, as well as the role of J Source in the import of paper packaging boxes, and should be able to readily provide this information to Plaintiff so that the Doe Defendants may be properly identified.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

10. This Court has personal jurisdiction over Stiiizy Inc. because Stiiizy Inc. maintains its principal place of business at 2001 Alameda Street, Los Angeles, California, within this judicial District, and regularly conducts business in this District, including the manufacture, use, offer for sale, and/or sale of products that infringe the ‘990 Patent.

11. This Court has personal jurisdiction over Stiiizy IP because, among other things, Stiiizy IP maintains its principal place of business at 728 East Commercial Street, Los Angeles, California, within this judicial District, is a wholly-owned subsidiary of Stiiizy Inc., and, on information and belief, conducts business in this District in connection with products that infringe the ‘990 Patent, including as the entity holding intellectual property rights relating to the Stiiizy brand under which the products that infringe the ‘990 Patent are sold.

12. Venue over the Stiiizy Defendants is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because they reside in this District and have committed acts of infringement in this District and have a regular and established place of business in this District, located in Los Angeles, California.

13. This Court has personal jurisdiction over Does 1 through 10 because, among other things, each has purposefully directed its activities toward the United States and the State of California, including by manufacturing and/or supplying products that infringe the ‘990 Patent with knowledge that they would be incorporated into Stiiizy-branded products sold in California and in this District, and each has purposefully availed itself of the privilege of conducting activities within California such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

14. Venue as to Does 1 through 10 is proper in this District. First, venue is proper pursuant to 28 U.S.C. § 1400(b) because, on information and belief, each Doe Defendant manufactures and/or supplies products that infringe the ‘990 Patent which

have been and continue to be found, used, and sold within this District as part of Stiiizy-branded products, such that acts of infringement have occurred in this District with respect to each Doe Defendant. Second, and in the alternative, to the extent any Doe Defendant is not resident in the United States, venue as to that defendant is independently proper in any judicial district, including this District, pursuant to 28 U.S.C. § 1391(c)(3), and § 1400(b) does not limit venue as to a defendant that is not a resident of the United States.

15. Joinder of Does 1 through 10 in this action is proper under 35 U.S.C. § 299 because APC's claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, namely products that infringe the '990 Patent, and questions of fact common to all Defendants will arise in this action.

16. Does 1 through 10 and Stiiizy operate at different levels of a single stream of commerce for the same products that infringe the '990 Patent. On information and belief, Does 1 through 10 manufacture and/or supply packaging incorporating the patented child-resistant locking mechanism, which Stiiizy then purchases, imports, uses, and/or sells as part of Stiiizy-branded products in the United States, including in this District. The accused acts are also contemporaneous: on information and belief, Does 1 through 10 have manufactured and/or supplied, and Stiiizy has purchased, imported, used, offered for sale, and/or sold, the same products that infringe the '990 Patent on an ongoing and overlapping basis.

17. The transactions at issue are also linked by an asserted relationship between Stiiizy and Does 1 through 10, not merely a coincidental overlap in product type. On information and belief, Stiiizy has actively and knowingly induced Does 1 through 10 to make and supply the products that infringe the '990 Patent with knowledge of the '990 Patent and with the specific intent that such making and supply would result in infringement. Does 1 through 10 manufactured and/or supplied the

products that infringe the ‘990 Patent for the purpose of their incorporation into Stiiizy-branded products, and Stiiizy purchased, imported, used, and/or sold the very products that infringe the ‘990 Patent that Does 1 through 10 manufactured and/or supplied for that purpose. Does 1 through 10 and Stiiizy are therefore linked by an inducing relationship with respect to the same products that infringe the ‘990 Patent, not merely independently developed products that happen to be of the same general type.

18. Common questions of fact among the Stiiizy Defendants and the Doe Defendants will arise, including the design and structure of the products that infringe the ‘990 Patent; whether the products that infringe the ‘990 Patent practice the asserted claims; the role of Does 1 through 10 as manufacturers and/or suppliers of the products that infringe the ‘990 Patent; and Stiiizy’s purchase, importation, use, and sale of the same products that infringe the ‘990 Patent. Defendants are not joined based solely on allegations that each has infringed the ‘990 Patent; rather, each sells, supplies, or otherwise deals in the same products that infringe the ‘990 Patent moving through the same chain of manufacture, supply, importation, and distribution.

## COUNT I – INFRINGEMENT OF THE ‘990 PATENT (35 U.S.C. § 271 ET SEQ.)

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. APC is the owner of all right, title, and interest in and to the ‘990 Patent, issued on April 18, 2023, including the right to sue for infringement and to seek injunctive relief, and possesses the exclusive rights afforded under the patent laws of the United States with respect to the ‘990 Patent. A true and correct copy of the ‘990 Patent is attached hereto as **Exhibit 1**.

21. APC has provided notice of its rights in the ‘990 Patent consistent with 35 U.S.C. § 287, including by, among other items: (a) APC’s marking of its own packaging containing a website which published patent information; (b) a letter dated

May 19, 2026 which informed Stiiizy that it was infringing APC's '990 Patent; and (c) by notice of this complaint.

22. Stiiizy Defendants make, use, offer for sale, sell, and/or import into the United States without authority from APC certain products that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '990 Patent, and continue to do so since the issuance of the '990 Patent (the "Accused Products") in violation of 35 U.S.C. § 271(a). The Accused Products include child-resistant packaging containers used for Stiiizy-branded vape pod products.

23. Doe Defendants make, use, offer for sale, sell, and/or import into the United States without authority from APC Accused Products that directly infringe, literally and/or under the doctrine of equivalents one or more claims of the '990 Patent in violation of 35 U.S.C. § 271(a).

24. In addition, Stiiizy has induced and continues to induce infringement of the '990 Patent in violation of 35 U.S.C. § 271(b). On information and belief, Stiiizy has actively and knowingly induced Does 1 through 10 to make and supply child-resistant packaging incorporating the locking mechanism claimed in the '990 Patent, including by directing, instructing, and/or providing specifications to Does 1 through 10 to manufacture the Accused Products, with knowledge of the '990 Patent and with the specific intent that such making and supply would result in infringement.

25. The Accused Products satisfy all the claim limitations of one or more claims of the '990 Patent. For example, **Exhibit 2** sets forth in more detail an Accused Product for a representative claim of the '990 Patent.

26. APC is informed and believes, and on that basis alleges, that Defendants have known of the '990 Patent and of APC's claim that the Accused Products infringe the '990 Patent including through APC's marking of its own packaging and through pre-suit communications regarding the parties' commercial relationship. APC previously supplied packaging for cannabis products to Stiiizy as a preferred packaging supplier for a period of time before the filing of this Complaint. On

information and belief, Defendants used the knowledge gained from APC's prior commercial relationship with Stiiizy, and from the packaging products APC previously supplied to Stiiizy that embody the '990 Patent, to copy the design and configuration of that packaging and to cause Does 1 through 10 to manufacture the Accused Products in place of APC's packaging. The Accused Products are virtually identical to the packaging products previously supplied to Stiiizy by APC and covered by the claims of the '990 Patent. As shown in **Exhibit 2**, the Accused Products satisfy all the claim limitations of one or more claims of the '990 Patent. Defendants have known of the configuration of the packaging claimed in the '990 Patent and have known, or have been willfully blind to that fact, that making, using, selling, offering to sell, or importing to sell the Accused Products, would constitute infringement of the '990 Patent.

27. By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and are liable for infringement of the '990 Patent pursuant to 35 U.S.C. § 271.

28. As a result of Defendants' infringement of the '990 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, together with interest and costs fixed by the Court.

29. Unless enjoined by this Court, Defendants will continue to infringe the '990 Patent. Defendants' infringement is causing and will continue to cause APC irreparable harm for which there is no adequate remedy at law, including loss of market exclusivity, erosion of APC's position as Stiiizy's preferred packaging supplier, and loss of control over the quality and reputation associated with APC's patented child-resistant packaging technology.

30. Under 35 U.S.C. § 283, APC is entitled to a preliminary and permanent injunction restraining Defendants and their officers, directors, agents, servants, employees, affiliates, successors, and assigns, and all persons acting in concert with any of them, from further infringement of the '990 Patent.

31. On information and belief, Defendants' infringement of the '990 Patent has been and continues to be knowing and willful.

## JURY TRIAL DEMAND

32. APC hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, APC respectfully requests that the Court enter judgment in its favor and against Defendants, and grant the following relief:

1. A judgment that Defendants have infringed, literally and/or under the doctrine of equivalents, the '990 Patent;

2. A judgment that Defendants' infringement of the '990 Patent has been willful;

3. An award of damages, costs, expenses, pre-judgment interest and post-judgment interest as to the infringement of the '990 Patent pursuant to 35 U.S.C. § 284.

4. A judgment awarding APC enhanced damages under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement of the '990 Patent, including pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

5. An order and judgment, pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoining Defendants, and their officers, directors, agents, servants, employees, affiliates, successors, and assigns, and all persons acting in concert with any of them, from further acts of infringement of the '990 Patent, including the manufacture, use, sale, and offer for sale of the Accused Products;

6. A judgment finding that this is an exceptional case and awarding APC its reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

7. An award of APC's costs and expenses incurred in this action; and

8. Such other and further relief as the Court deems just and proper or as

may be appropriate.

Dated: October 26, 2026

WHITE & CASE LLP

*/s/ Russell J. Gould*
Russell J. Gould (SBN 313352)
russell.gould@whitecase.com
555 S. Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700

Gregory M. Starner (*pro hac vice forthcoming*)
Mariel Radek (*pro hac vice forthcoming*)
Aditi Padmanabhan (*pro hac vice forthcoming*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
gstarner@whitecase.com
mariel.radek@whitecase.com
aditi.padmanabhan@whitecase.com

Michael J. Songer (SBN 175560)
michael.songer@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3647

Attorneys for Plaintiff
All Packaging Company LLC